**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT OCHOA,<br>Plaintiff,<br>v.<br><br>RALPHS GROCERY COMPANY; THE KROGER CO.; HIRERIGHT, LLC; and DOES 1 through 20, inclusive,<br>Defendants. | Case No.: 3:26-cv-01204-BTM-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS**<br><br>**[ECF NOS. 5, 7]** |

Defendants Ralphs, Kroger, and Hireright (collectively, the "Defendants") have filed motions to dismiss Plaintiff Robert Ochoa's Complaint (ECF No. 1-2 ("Compl.")) on the grounds that all of the claims pled in the Complaint are time barred. For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part both motions to dismiss.

## I. BACKGROUND

Ochoa applied for and was offered employment at Ralphs around July 15, 2021. (Compl., ¶ 14.) Ochoa acknowledges that his employment offer was "pending completion of standard onboarding procedure." (*Id.* at ¶ 15.) The next day, on July 16, 2021, Ochoa completed and returned his initial hiring documents, including an authorization for a background check conducted by HireRight. (ECF No. 1-2, 28–33.)

On August 4, 2021, HireRight sent Ochoa a report which stated an incorrect address for him. (*Id.* at 35.) After Ochoa contacted HireRight to correct the mistake, on August 18, 2021, HireRight sent Ochoa a revised background check report which stated: "Does Not Meet Company Standards." (ECF No. 1-2 at 37–39.) As a result, Ralphs did not proceed with Ochoa's employment. (Compl., ¶¶ 17–18.)

In November 2024, Ochoa alleges that he became aware that Ralphs and Krogers had purportedly engaged in unlawful conduct after the California Civil Rights Department ("CRD") notified him via e-mail that it had filed a civil action against Ralphs alleging violations of the California Fair Chance Act ("FCA"). (*Id.* at ¶ 20.)

After receiving the CRD's e-mail, Ochoa alleges that he sought legal counsel, cooperated with the CRD's investigation, and filed his own complaint with the CRD in 2025 to obtain a right-to-sue notice. (*Id.* at ¶ 23.) Ochoa was subsequently notified by the CRD in May 2025 that the CRD could "not seek money relief" on his behalf as he was not named a "real party in interest" in the CRD's complaint. (*Id.* at 12, fn. 2.) Thereafter, on September 4, 2025, Ochoa filed his own complaint with the CRD. (ECF No. 1-2 at 40–47.)

In November 2025, Ochoa filed a complaint against the Defendants in Superior Court alleging violation of the FCA (Gov. Code § 12952); aiding and abetting discrimination (Gov. Code § 12940(f)); negligence; intentional infliction of emotional distress ("IIED"); violation of the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, *et seq*); and violation of California's Unfair Competition Law ("UCL") (Bus. & Prof. Code § 17200, *et seq*). (Compl., ¶¶ 32–64.) The Defendants removed the action to the District Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1.)

## II. LEGAL STANDARDS

The Defendants move to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim exclusively on timeliness grounds. (*See* ECF No. 5 ("Ralphs Mot."); ECF No. 7 ("HireRight Mot.").)

//

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 566). The Court must accept as true all material allegations in the complaint and must construe the complaint and all reasonable inferences drawn therefrom in the light most favorable to the Plaintiff. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). When a motion to dismiss is granted, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)).

## III. DISCUSSION

The Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In their motions to dismiss, the Defendants allege that all of Ochoa's claims are time-barred under the applicable statutes of limitations and that neither the delayed discovery doctrine nor equitable tolling save Ochoa's Complaint. In opposition, Ochoa argues that dismissal on statute-of-limitations grounds is disfavored at the pleading stage and that the Complaint sufficiently alleges delayed discovery and equitable tolling. (ECF No. 13 ("Pl.'s Opp'n."), 7.)

### A. Timeliness is Appropriate to Decide at this Juncture

When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see also Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (holding that a claim may be dismissed under Rule 12(b)(6) on

the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint."); *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."). As discussed further below, the Court finds that the running of the applicable statutes of limitations is apparent from the face of the Complaint here. The relevant dates are pled by Ochoa himself in his Complaint which was signed under penalty of perjury and are further corroborated by exhibits provided by Ochoa attached to his Complaint. Therefore, the Court does not need to rely on materials outside the Complaint and may resolve the issue of timeliness on the pleadings.

### B. Claims

#### 1. Counts One and Two: Violation of the Fair Chance Act and Aiding and Abetting

The first cause of action pled by Ochoa in his Complaint is for violation of California's FCA, Cal. Gov. Code § 12952. (Compl. ¶¶ 32–34.) Section 12952 regulates inquiries into the arrest record of an applicant for employment. His second cause of action, pled only against HireRight, is for aiding and abetting discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), § 12940(i). (*Id.* at ¶¶ 35–39.) Section 12960(e)(5) requires that before bringing a suit under either of these sections, a plaintiff must first file an administrative complaint with the CRD within three years of the alleged adverse action. The FEHA provides a 90-day extension for delayed discovery. Cal. Gov. Code § 12960(e)(6)(A). Here, the Defendants rescinded Ochoa's offer of employment on August 18, 2021. (Compl., ¶ 16.) However, Ochoa did not file an administrative complaint with the CRD until September 4, 2025. (*Id.* at ¶ 24.) His FCA claim and aiding and abetting claims are therefore untimely on the face of the Complaint.

//

//

//

Ochoa argues that both claims are nevertheless timely under the delayed discovery rule. He contends that although he knew in 2021 that his job offer was withdrawn, he had no reason at that time to suspect that the withdrawal was wrongful or unlawful because he was a layperson with no legal training. (*Id.* at ¶¶ 25–26.) Ochoa's delayed discovery rule argument fails as pled for two reasons. First, he has not pled sufficient facts to show that a reasonable investigation would not have revealed a factual basis for either cause of action. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 803 (2005). Second, Ochoa's FCA claim and aiding and abetting claim would still be outside the FEHA's 90-day extension window and he has not pled sufficient facts to show that he filed his CRD complaint within § 12960(e)(6)(A)'s 90-day window.

Ochoa also invokes the doctrine of equitable tolling here to prevent any unfair bar of his claims. (*Id.* at ¶ 27.) Equitable tolling is available in cases brought under the FCA. *Brome v. California Highway Patrol*, 44 Cal. App. 5th 786, 795 (2020). The time for filing a claim pursuant to the FCA may be tolled where the plaintiff can establish three elements: (1) timely notice to the defendant, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct on the part of the plaintiff. *Id.* (quoting *McDonald v. Antelope Valley Community College Dist.*, 45 Cal. 4th 88, 102 (2008). Here, as pled, the Complaint does not allege sufficient facts to show that Ochoa provided timely notice to Ralphs, Krogers, or HireRight. The Complaint also does not show that Ochoa reasonably pursued a remedy in good faith during the four years between when the allegedly wrongful conduct occurred and when he filed his CRD complaint.

**2. Counts Three and Four: Negligence and IIED**

Ochoa's third and fourth causes of action are for the tort claims of negligence and IIED. (Compl., ¶¶ 40–49.) California Code of Civil Procedure § 335.2 provides a two-year statute of limitation for personal injury tort claims. *Bitarafan v. Claremont Police Dep't*, No. 24-cv-3283, 2025 WL 575355, at *3 (C.D. Cal. Jan. 3, 2025). The injury alleged by Ochoa in his Complaint occurred in August 2021, but he only pled the personal injury claims for the first time before the Superior Court in September 2025, over four years after

the initial injury and over two years after the statute of limitation had run. Therefore, Ochoa's IIED claim is time-barred. Delayed notice does not preserve Ochoa's IIED claim because the alleged injury occurred when the Defendants did not hire him in August 2021 and he was aware of their decision to not move forward with his employment at that time. Ochoa negligence claim is similarly untimely. However, delayed notice may preserve the running of the statute of limitations for his negligence claim. Even if Ochoa knew of some of the facts underlying his claim in August 2021, he would not have known that the Defendants owed him any alleged duty. The Defendants have not argued that they owed Ochoa no duty—an essential element of a negligence cause of action—they have only attacked Count Three on timeliness grounds. As such, Ochoa's negligence claim survives at this stage in the litigation.

**3. Count Five: Violation of the FCRA**

Ochoa's fifth claim is for violation of the FCRA, 15 U.S.C. § 1681 et seq. (Compl. ¶¶ 50–55.) 15 U.S.C. § 1681(b)(3)(A) requires that before any person takes an adverse action based in whole or in part on a consumer report for employment, the person must provide to the consumer: (i) a copy of the consumer report, and (ii) a written description of the consumer's rights under the FCRA. Ochoa alleges that the Defendants did not provide a proper pre-adverse action notice. (Compl. ¶ 52.) Section 1681p of the FCRA sets the statute of limitations at "2 years after the date of discovery [or constructive discovery] by the plaintiff of the violation that is the basis for such liability." 15 U.S.C. § 1681p(2); *see Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010) (constructive discovery generally read into discovery statutes). The ultimate burden is on the Defendants "to demonstrate that a reasonably diligent plaintiff would have discovered the facts constituting the violation" and the Defendants must "demonstrate how a reasonably diligent plaintiff" would have discovered such violation. *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1110 (9th Cir. 2012) (quoting *Strategic Diversity, Inc. v. Alchemix Corp.*, 666 F.3d 1197, 1206 (9th Cir. 2012). The Court finds that the Defendants have not conclusively demonstrated how a reasonably diligent plaintiff would have discovered a FCRA violation. All that the

Defendants have argued is that Ochoa was aware a background check was conducted in August 2021. (Mot., 15.) They have not carried their burden in showing how he could have discovered the violation nor why those facts put him on notice. Therefore, the Defendants have failed to meet their burden at this stage in the pleadings and material issues of fact remain as to "whether [Ochoa] knew or had reason to know of the specific" violation. *Norman-Bloodshaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1266 (9th Cir. 1998).

**4. Count Six: Unfair Business Practices**

Ochoa's sixth claim is for violation of California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200 et seq. (Compl. ¶¶ 56–64.) This claim is derivative of Ochoa's FCA, FEHA, and FCRA claims. Specifically, Ochoa contends that the Defendants engaged in unlawful business practices by using criminal-history and consumer-report information to deny him employment without following the procedures required by federal and California law. (*Id.*) Because Ochoa's FCA and FEHA claims are time-barred, the UCL claim can only be predicated on a violation of the FCRA. The UCL provides that "[a]ny action to enforce any cause of action pursuant to the [UCL] shall be commenced within four years after the cause of action is accrued." Cal. Bus. & Prof. Code § 17208. Whereas the FCRA statute of limitation is focused on *discovery* of facts giving rise to a violation, the UCL statute is focused on when the cause of action actually occurred. As such, even if the FCRA claim is still timely, the UCL claim may not be. Here, the conduct which allegedly violated the FCRA, and in turn, the UCL, occurred in August 2021, but Ochoa brought his Complaint more than four years later, in November 2025, three months too late.

**C. Leave to Amend**

The general policy provided by Rule 15(a)(2) that a court should freely give leave "when justice so requires" is "to be applied with extreme liberality." *Eminence Capital, LLC*, 316 F.3d 1048, 1051 (9th Cir. 2003). Accordingly, leave should be "freely given" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

The Court finds that amendment of Ochoa's fourth (IIED) claim would be futile. As such, his IIED claim is dismissed without leave to amend. However, because Ochoa has not yet had an opportunity to amend his Complaint, the Court finds that granting him leave to amend the remaining dismissed claims is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** the Defendants' motions to dismiss. Ochoa's first (violation of the FCA), second (aiding and abetting discrimination), and sixth (violation of the UCL) claims are **DISMISSED** with leave to amend. Ochoa's fourth (IIED) claim is **DISMISSED** without leave to amend. The motion is **DENIED** as to Ochoa's third (negligence) and fifth (violation of the FCRA) claims.

Ochoa has leave to file an amended complaint within twenty-one (21) days from the entry of this Order to correct the deficiencies identified above. Leave to amend is granted only as to the statute of limitations issues. Ochoa shall comply with Civil Local Rule 15.1 requiring the filing of a redlined version of the amended complaint. In order to streamline further motions to dismiss, the parties shall proceed as follows. No later than twenty-one (21) days after the filing of an amended complaint, the Defendants may each file a motion to dismiss based solely on statute of limitations limited to ten (10) pages each of argument. Ochoa may file a combined opposition limited to ten (10) pages of argument no later than fourteen (14) days after the filing of the motions to dismiss. The Court will then rule on the motions.

**IT IS SO ORDERED.**

Dated: October 29, 2026

Barry Ted Moskowitz

Honorable Barry Ted Moskowitz
United States District Judge